J-S42008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK MICHAEL FALCEY, JR. | : | |
| | : | |
| Appellant | : | No. 1541 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 18, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005656-2020

BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                     **FILED JUNE 12, 2024**

Patrick Michael Falcey, Jr. appeals from the judgment of sentence of two and one-half to five years of incarceration imposed after the trial court found him in violation of his probation. Appellant's counsel, Stuart Wilder, Esquire, has filed a petition to withdraw as counsel and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We glean the following background from the certified record. In November 2021, Appellant pled guilty to one count each of terroristic threats and possessing instruments of crime ("PIC"), as well as three counts of recklessly endangering another person ("REAP"). The charges arose from an incident wherein Appellant threatened his grandparents and set a fire in their living room while they and several others were home. The trial court

sentenced Appellant to an aggregate eleven and one-half to twenty-three months in county jail on the REAP charges, with the opportunity for early parole, as well as five years of concurrent probation for the remaining counts. The court imposed special terms of probation, which prohibited Appellant from having adverse contact with the victims, going near his grandparents' residence, or drinking alcohol or using illegal drugs. Appellant was paroled in April 2021 and his supervision was transferred to New Jersey at Appellant's request.

Almost immediately, Appellant absconded from supervision. The New Jersey authorities could not locate or contact him and determined that he was not living at his approved residence. Later, the Bucks County Office of Probation and Parole learned that Appellant had been staying at his grandparents' residence, in violation of the court's sentencing order. Appellant was taken into custody, wherein he conceded to a probation officer that he had at least once overdosed while he was on supervision and that he was in the process of detoxing.

The matter ultimately proceeded to a **Gagnon II**[1] hearing on September 9, 2022. Therein, the Commonwealth presented testimony about Appellant's violations consistent with the above. However, because Appellant

---

[1] "A **Gagnon I** hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a **Gagnon II** hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." **Commonwealth v. Stafford**, 29 A.3d 800, 802 n.1 (Pa.Super. 2011) (citation omitted). **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

had recently retained new counsel, and since the court was uncomfortable with the amount of hearsay introduced at the hearing, it scheduled a second hearing for November 18, 2022.[2]  The Commonwealth called two additional witnesses who testified as to Appellant's presence at his grandparents' house and introduced a surveillance photograph showing him there during the period he was on supervision.

At the conclusion of the hearing, the trial court determined that Appellant violated the terms of his parole and concurrent probation.  It closed out the REAP counts, wherein Appellant was then paroled, and resentenced him on the charges for terroristic threats and PIC to an aggregate two and one-half to five years of incarceration.  Appellant moved for reconsideration of the sentence, which the trial court denied.  Appellant then filed a timely appeal, and the court entered an order directing him to file a statement of errors pursuant to Pa.R.A.P. 1925(b).  Instead, Attorney Wilder submitted a statement of intent to withdraw pursuant to Pa.R.A.P. 1925(c)(4).  The court authored an opinion that discussed the rationale for finding the violation but did not discuss Appellant's new sentence.

On appeal, counsel filed both an **Anders** brief and a petition to withdraw as counsel.  Upon review, we found the brief defective because "it simultaneously contend[ed] that Appellant's appeal is wholly frivolous and that the lower court abused its discretion in sentencing Appellant to the

_____

[2] In the interim, Appellant received three misconducts in jail for theft, unauthorized use of medication, and possession of contraband.

abovementioned term." ***Commonwealth v. Falcey***, 310 A.3d 313, 315 (Pa.Super. 2024). We further noted that since counsel "filed a [Rule] 1925(c)(4) statement of intent to withdraw in lieu of a Rule 1925(b) statement, the trial court never had an opportunity to address this potentially meritorious issue," and that the guilty plea and sentencing transcript was missing from the record. ***Id***. at 316. Accordingly, we remanded with instructions that the trial court enter an opinion addressing the propriety of Appellant's sentence, counsel take steps to include the missing transcript in the record, and the parties abide by a new briefing schedule.

On remand, the trial court supplied a supplemental Rule 1925(a) opinion, as directed. Attorney Wilder ensured the inclusion of the necessary transcript in a supplemental record and filed a renewed ***Anders*** brief and petition to withdraw as counsel. The Commonwealth submitted a letter indicating that it would rely on the brief it initially filed to this Court prior to remand, since that brief already addressed a potential challenge to the length of Appellant's new sentence. Accordingly, this matter is ripe for review.

The following legal principles apply to our consideration of counsel's ***Anders*** brief and petition to withdraw:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

- 4 -

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the requirements set forth above. Counsel provided an appropriate summary of the facts and procedural history. ***See Anders*** brief at 6-12. Further, he supplied the brief to Appellant and advised him of his right to hire new counsel or proceed *pro se* in this Court. The brief stated that the appeal is frivolous and presented its reasons. Appellant filed a *pro se* response to Attorney

Wilder's letter, wherein he alleges that (1) the Commonwealth and the probation officer who testified at the hearing concerning the revocation of Appellant's probation offered false testimony, (2) his sentence was excessive, and (3) Attorney Wilder provided ineffective assistance of counsel. ***See generally*** Response to ***Anders*** brief, 4/29/24.

Hence, we proceed to "'make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n.5). However, we note that "when an appellant, either acting *pro se* or through private counsel, files a response to the ***Anders*** brief, our independent review is limited to those issues raised in the ***Anders*** brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief." ***Commonwealth v. Bennett***, 124 A.3d 327, 333 (Pa.Super. 2015) (cleaned up).

Counsel discusses two issues that would arguably support an appeal. The first is whether the evidence was sufficient to demonstrate that Appellant violated the terms of his probation. ***See Anders*** brief at 14-16. The second is whether the trial court imposed a sentence that is excessive and greater than necessary to meet Appellant's rehabilitative needs, as well as the need to protect the community. ***Id***. at 16-21. We consider these in turn.

We have stated that before the trial court may revoke probation, the court must first find, "based on the preponderance of the evidence, that the

probationer violated a specific condition of probation or committed a new crime[.]" ***Commonwealth v. Parson***, 259 A.3d 1012, 1019 (Pa.Super. 2021) (cleaned up). Once a court determines that a violation has occurred, it may then "consider the rehabilitative effectiveness of the probation in deciding whether to revoke probation." ***Commonwealth v. Giliam***, 233 A.3d 863, 869 (Pa.Super. 2020). A trial court has the authority to revoke probation based on acts that fall short of criminal conduct. ***See Commonwealth v. Colon***, 102 A.3d 1033, 1042 (Pa.Super. 2014). Further, "[u]nlike a criminal trial where the burden is upon the Commonwealth to establish all of the requisite elements of the offenses charged beyond a reasonable doubt, at a [probation] revocation hearing the Commonwealth need only prove a violation of probation by a preponderance of the evidence." ***Parson***, 259 A.3d at 1019 (citation omitted).

In the ***Anders*** brief, counsel offered the following analysis in concluding that this issue did not warrant relief:

> [The trial judge] carefully ensured the reliability of the evidence he heard. Uncomfortable with the evidence he heard at the September 9, 2022, hearing, he directed the Commonwealth to return with more non-hearsay evidence to support its allegations. As a result, the evidence proved that [A]ppellant was living where he should not have been, using drugs and alcohol, and not following the probation rules and regulations set forth when he was sentenced on November 5, 2021. All of the evidence from the probation hearings cited above was admitted without objection and established that even though he had not committed a new crime, he had violated his probation.
>
> Prior counsel did not object to any evidence presented at the September 9, 2022, hearing. He did make two objections—

- 7 -

to hearsay testimony— at the [November 18], 2022, hearing, . . . but in the first case, [the trial judge] did not admit the evidence for the truth of the matter asserted[.] . . . [I]n the second— evidence of what a neighbor said about [A]ppellant's presence at [his grandparents' residence] and description of photographs allegedly made on March 15, 2022 at the residence— there was no objection to the admission of the described photographs. Thus, no objections to any evidence [we]re preserved for direct appellate review.

*Anders* brief at 15-16 (cleaned up).

In his *pro se* response, Appellant fails to address the fact that counsel did not object to nearly any of the evidence presented. Instead, he contends that the court erred in finding him in violation of probation because of purported misstatements and lies made on the record. **See** Response to *Anders* brief, 4/29/24, at 1-3. More particularly, Appellant identifies various remarks made by the Commonwealth's attorney and the supervising probation officer that he believes were untrue, and thus asserts the court's findings were made in violation of his due process rights. *Id*. at 1-2. He also contests that he ever admitted to overdosing, detoxing, or utilizing drugs. *Id*. at 2.

On review, we agree with counsel that this issue is wholly devoid of merit. Over the course of a two-day hearing, the Commonwealth introduced abundant testimony that Appellant violated the specific terms of probation by absconding from supervision, residing in a location that was not approved and where he was to have no contact pursuant to court order, and utilizing drugs and alcohol. To the extent that Appellant asserts that certain testimony or remarks from the Commonwealth or probation officer were improper, he

lodged no contemporaneous objection to these statements, and thus waived any such contention.[3] *See Commonwealth v. Smith*, 213 A.3d 307, 309 (Pa.Super. 2019) ("The absence of a contemporaneous objection below constitutes a waiver of the claim on appeal.").

Moreover, if we interpret Appellant's argument to be that the trial court should have discredited the testimony introduced by the Commonwealth, that assertion goes to the weight of the evidence. *See Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004) ("The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses. Questions concerning inconsistent testimony and improper motive go to the credibility of the witnesses."). We have stated that a "challenge to the weight of the evidence must be raised before the trial court either orally or in a written motion before sentencing, or in a post-sentence motion." *See Commonwealth v. Delamarter*, 302 A.3d 1195, 1200 (Pa.Super. 2023) (citing Pa.R.Crim.P. 607(A)(1)-(3)). Our review of the record reveals that Appellant did not raise this weight claim orally or in any written motion, and accordingly, this contention cannot succeed.

---

[3] While Appellant does briefly identify in his response that his attorney made two objections at the November 18, 2022 hearing, as discussed by counsel, these two objections related to a different witness's testimony and are otherwise unrelated to the arguments raised in Appellant's response.

The next issue of arguable merit identified by counsel concerns the length of the sentence imposed. This Court has recounted as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Taylor***, 277 A.3d 577, 592-93 (Pa.Super. 2022) (citation omitted).

To the extent that the proposed challenge would concern the discretionary aspects of Appellant's sentence, we note that it is well-settled that there is no absolute right to review of such by this Court:

> [A]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Solomon***, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*) (cleaned up). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." ***Commonwealth v. Clary***, 226 A.3d 571, 580 (Pa.Super. 2020) (citation omitted).

Appellant's appeal was timely, and he also filed a motion for reconsideration concerning the length of his sentence. We assume *arguendo* that there is no defect in the brief. Counsel notes, however, that within the motion for reconsideration, the only issue raised concerned the excessiveness of the sentence and a failure to adequately consider rehabilitative needs, not that the sentence exceeded the guidelines.[4] ***See*** Appellant's brief at 16-17. He contends that the preserved issue does not raise a substantial question, and therefore this argument is meritless. ***Id***. at 17.

Counsel nonetheless also addressed the merits, and in so doing, reviewed the trial court's reasons for the sentence. ***Id***. at 17-21. He concluded that the court appropriately considered the factors set forth at 42 Pa.C.S. § 9771, as well as the sentencing guidelines. ***Id***. at 21. Counsel noted that pursuant to Pennsylvania law, it is not improper for a state sentence to be imposed even based on technical violations of probation. ***Id***. at 20 (citing ***Commonwealth v. Carver***, 923 A.2d 495, 498 (Pa.Super. 2007)).

In his response, Appellant asserts that his sentence was manifestly excessive. ***See*** Response to ***Anders*** brief, 4/29/24, at 4. Specifically, he

---

[4] Despite raising this point, we note that the sentencing guidelines do not apply to sentences imposed based on probation revocations. ***See Commonwealth v. Pasture***, 107 A.3d 21, 27–28 (Pa. 2014).

avers that it is unreasonable because he did not commit a new crime and this was his first technical violation. *Id*. Appellant also notes that there was no finding that he was a threat to public safety or was likely to commit another crime. *Id*.

On review, we agree with counsel that this issue garners Appellant no relief. Here, the only issue preserved by Appellant in his motion for reconsideration of sentence concerned his belief that "the sentenced [sic] imposed is excessive and greater than necessary to meet [Appellant]'s rehabilitative needs, as well as the need to protect the community." Motion for Reconsideration of Sentence, 11/28/22, ¶ 6. We have held that similar bare assertions did not pose a substantial question. *See*, *e.g.*, *Commonwealth v. Watson*, 228 A.2d 928, 935 (Pa.Super. 2020) ("Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review."); *Commonwealth v. Trippett*, 932 A.2d 188, 202 (Pa.Super. 2007) (iterating that the Superior Court is not required to "accept bald allegations of excessiveness"). Accordingly, Appellant has not preserved any position that would present us with a substantial question, which is required to obtain merits review.

The only remaining issue raised by Appellant in his response concerns his attack on the efficacy of current counsel, Attorney Wilder. *See* Appellant's Response to *Anders* brief, 4/29/24, at 1, 4 (accusing counsel of willfully ignoring requests to raise certain issues and being "inexplicably

incompetent"). We interpret this position to raise a claim of ineffective assistance of counsel.

This Court has summarized the appropriateness of reviewing such allegations under these circumstances:

> Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 577-80 ([Pa.] 2013). Instead, such claims are to be deferred to PCRA review. However, our Supreme Court has recognized three exceptions to the general rule. In **Holmes**, the Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "there is good cause shown," and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. More recently, our Supreme Court adopted a third exception, which requires trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review.

**Commonwealth v. James**, 297 A.3d 755, 760-61 (Pa.Super. 2023) (cleaned up).

The record does not indicate that Appellant expressly waived his entitlement to seek PCRA review or that he is statutorily precluded from obtaining such review. Furthermore, he has not convinced us that counsel's purportedly false statements at the hearings constitute "extraordinary circumstances" or ineffectiveness that is "apparent from the record." **Id**. Since Appellant has not satisfied any of the above exceptions, these claims are deferred to collateral review. **See Holmes**, 79 A.3d at 563 ("[W]e hold

that [the] general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel[.]").

Based on the foregoing, we agree with Attorney Wilder that the instant appeal is wholly frivolous and, accordingly, grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition of Stuart Wilder, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/12/2024