J-S30040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEIVIS GUTIERREZ-GARCIA | : | |
| | : | |
| Appellant | : | No. 1018 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 14, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002776-2022

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: OCTOBER 25, 2024**

Appellant, Deivis Gutierrez-Garcia, appeals from the judgment of sentence entered in the Court of Common Pleas of Berks County after a jury convicted him of murder in the first degree and related offenses on evidence that he fatally shot his ex-girlfriend's paramour at close range. Additionally, Appellant's counsel, Assistant Public Defender William Bispels, Esq., has filed an application to withdraw as counsel and an accompanying **Anders** [1] brief. Upon review, we grant Attorney Bispels' application to withdraw, but given both this Court's delay in discerning Appellant's promptly filed motion to proceed *pro se* and the subsequent entry of appearance by privately retained

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

counsel, we retain jurisdiction and grant privately retained counsel 30 days from the filing of this decision to submit either an advocate's brief or **Anders** brief, to which the Commonwealth then will have 30 days to file a responsive brief if it so chooses.

On February 26, 2022, Appellant shot and killed Jackson Reyes-Negron as Reyes-Negron sat in the passenger seat of a car driven by his girlfriend, Amarie Torres. Several years earlier, Appellant and Torres were romantically involved as teenagers and shared a child from that relationship. Evidence adduced at Appellant's jury trial described how Appellant exited from the passenger side of a vehicle that had double-parked alongside Torres' car to trap it in front of Reyes-Negron's residence. N.T., 5/1/23, at 240-41. He walked to the front of Torres' car and screamed at her about the baby and about her relationship with Reyes-Negron. He then walked back to his car to retrieve a gun, returned to the front of Torres' car, and while ignoring Torres' pleas to stop, fired five gunshots through the front windshield directly into Reyes-Negron's chest. N.T. at 247-254. Appellant fled the scene, and Torres raced to Reading Hospital, where Reyes-Negron was pronounced dead shortly after his arrival. N.T. at 256-57, 392.

In the ensuing investigation, Torres initially denied knowing the identity of the shooter, but in her second interview with police, she implicated Appellant. N.T. at 272, 371-72. Multiple fingerprints were acquired from the surface of Torres' car, and one of them belonged to Appellant. N.T. at 480, 485. The physician who conducted the autopsy testified that the five gunshot

- 2 -

entrance wounds from which Mr. Reyes-Negron died were atypically shaped, consistent with the altered flight line the bullets would have taken after colliding with the windshield. N.T. at 399. She confirmed that she ruled Mr. Reyes-Negron died by homicide. N.T. at 403-04.

On May 5, 2023, the jury returned a verdict of guilty on Murder in the first degree, two counts of Aggravated Assault, Firearms Not to be Carried without a License, and Possessing Instruments of Crime. On June 14, 2023, the trial court imposed a sentence of life without parole on the count of first-degree murder and a concurrent sentence of two to five years for the Firearms Not to be Carried Without a License charge. The remaining charges merged for sentencing. On July 14, 2023, trial counsel filed a notice of appeal, but he was allowed to withdraw as counsel on July 20, 2023.

The trial court opinion aptly recites the remaining relevant procedural history, as follows:

> On August 1, 2023, [the trial court] granted Appellant's Motion to Proceed in Forma Pauperis. On August 8, 2023, [the trial court] entered an Order directing Appellant to file a Concise Statement of Matters Complained of Pursuant to Pa.R.A.P. 1925(b). On August 21, 2023, Appellant requested an extension of time to comply with the 1925(b) Order, which [the trial court] granted. On August 31, 2023, the trial court entered an Order directing the Berks County Public Defender's Office to take an application from [the Appellant] for representation and extended the time for filing the Concise Statement. On November 14, 2023, Assistant Public Defender William Bispels entered his appearance on behalf of [Appellant]. Transcripts were ordered and filed on December 22, 2023. On February 24, 2024, when no concise statement was filed, the trial court entered an order, in accordance with Pa.R.A.P. 1925(b) finding the issues must be deemed waived for the purpose of appellate review. On March 26, 2024, the Superior

Court directed Attorney Bispels to file a concise statement. On April 10, 2024, Appellant filed a Concise Statement of Errors Complained of on Appeal raising two issues:

> 1) The verdict of guilty was contrary to the weight of the evidence
>
> 2) The evidence presented at Trial was insufficient to convict Garcia of the charges.

Trial Court Opinion, 5/21/24, at 1-2.

As noted, Attorney Bispels filed an **Anders** Brief indicating Appellant wished to challenge both the sufficiency and the weight of the evidence. As discussed *infra*, however, Appellant has filed a *pro se* response and retained private counsel. When an appellant files a *pro se* or counseled response to an **Anders** brief, this Court will first determine whether counsel has complied with the dictates of **Anders** and **Santiago**. **See Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining the proper procedure where counsel files an **Anders** Brief and the appellant files a *pro se* response). If counsel has complied with **Anders** and **Santiago**, we address the issues raised in the **Anders** Brief. **Bennett**, 124 A.3d at 333. If we determine that those issues are without merit, we examine the allegations the appellant raised in his *pro se* reply. **Id**. We treat this filing as an advocate's brief and review it "as we do any advocate's brief." **Id**. We are mindful that this Court is limited to examining only those issues raised and developed in the *pro se* reply. **Id.** "We do not act as, and are forbidden from acting as, appellant's counsel." **Id**.

Before we begin our substantive analysis, we must first review Counsel Bispels' **Anders** brief and motion to withdraw based on frivolity. **See Commonwealth v. Goodwin**, 928 A.2d 287 (Pa. Super. 2007) (*en banc*). "When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **Goodwin**, 928 A.2d at 290.

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"If counsel does not fulfill the aforesaid technical requirements of *Anders* [and *Santiago*], this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* [and *Santiago*] or file an advocate's brief on Appellant's behalf)." *Commonwealth v. Falcey*, 310 A.3d 313, 314-15 (Pa. Super. 2024) (citation omitted).

Upon review, it appears that counsel has substantially complied with the procedural requirements of *Anders*, *McClendon*, and their progeny. Counsel provided Appellant with a letter advising him of his rights pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005). The letter is attached to counsel's petition to withdraw. Further, although the petition and brief do not contain certificates of service demonstrating service on Appellant, counsel states in the petition that a copy of the *Anders* brief has been mailed to Appellant along with the *Millisock* letter attached to the petition, and the letter references the *Anders* brief as having been enclosed.[2]

Counsel has also complied with the requirements set forth in *Santiago*. However, counsel did not attach a copy of the Pa.R.A.P. 1925(b) statement or the trial court's Pa.R.A.P. 1925(a) opinion. *Cf*. Pa.R.A.P. 2111(d) (stating that in Superior Court, copy of the concise statement shall be appended to Appellant's brief; if trial court has not entered order directing filing of such

---

[2] The conclusion section of the *Anders* brief itself also states that a copy of the brief was forwarded to Appellant with instructions on retaining private counsel or continuing *pro se* and raising any additional arguments or points with this Court.

- 6 -

statement, brief shall contain averment that no order to file a concise statement was entered); **see also** Pa.R.A.P. 2111(b) (stating that "[t]here shall be appended to the brief a copy of any opinions delivered by any trial court . . ."). Counsel did, on the other hand, attach copies of the sentencing orders to the **Anders** brief.

Having confirmed counsel's compliance with the above requirements, we turn to the issues raised in the **Anders** Brief. First raised is a challenge to the weight of the evidence. We note that a weight challenge must be preserved either in a post-sentence motion, a written motion before sentencing, or orally prior to sentencing. **See** Pa.R.Crim.P. 607(A)(1)-(3); **see also id.**, cmt. (providing that "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."). An appellant's failure to pursue any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim. **Commonwealth v. Burkett**, 830 A.2d 1034, 1037 (Pa. Super. 2003); **Commonwealth v. Wilson**, 825 A.2d 710, 713 (Pa. Super. 2003) (holding that a claim challenging the weight of the evidence cannot be raised for the first time on appeal). Our review of the record discloses no attempt, by post-sentence motion or oral or written motion prior to sentencing, to challenge the weight of the evidence. Thus, Appellant has waived this claim. Even if it were not waived, this Court discerns from the record no basis upon which to disturb the jury's decision as sole finder of

fact to accept Ms. Torres' eyewitness testimony as credible while rejecting defense evidence offered to undermine such testimony.

In Appellant's second issue raised in the **Anders** brief, Appellant challenges the sufficiency of the evidence. As we have previously observed:

> [A]ppellate review of a challenge to the sufficiency of the evidence is governed by the following principles:
>
>> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> **Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa. Super. 2005) (quoting **Commonwealth v. Bullick**, 830 A.2d 998, 1000 (Pa. Super. 2003)). This Court has further explained:
>
>> [E]vidence of identification need not be positive and certain to sustain a conviction. Although common items of clothing and general physical characteristics

are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. ... Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight.

*Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa. Super. 2011) (*en banc*), *appeal denied*, 617 Pa. 637, 54 A.3d 348 (2012) (internal citations omitted).

The Crimes Code defines first-degree murder as follows:

**§ 2502. Murder**

**(a) Murder of the first degree.**—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

18 Pa.C.S.A. § 2502(a).

To find a defendant guilty of first-degree murder a jury must find that the Commonwealth has proven that he or she unlawfully killed a human being and did so in an intentional, deliberate and premeditated manner.

It is the element of a willful, premeditated and deliberate intent to kill that distinguishes first-degree murder from all other criminal homicide. ...

The *mens rea* required for first-degree murder, specific intent to kill, may be established solely from circumstantial evidence.

*Commonwealth v. Schoff*, 911 A.2d 147, 159-60 (Pa.Super. 2006) (internal citations and quotation marks omitted).

"Specific intent to kill can be established through circumstantial evidence, such as the use of a deadly weapon on a vital part of the victim's body." *Commonwealth v. N. Montalvo*, 598 Pa. 263, 274, 956 A.2d 926, 932 (2008), *cert. denied,* 556 U.S. 1186, 129 S.Ct. 1989, 173 L.Ed.2d 1091 (2009). ***See also Commonwealth v. Sepulveda***, 579 Pa. 217, 226-27, 855 A.2d

783, 789 (2004), *cert. denied*, 546 U.S. 1169, 126 S.Ct. 1330, 164 L.Ed.2d 47 (2006) (stating abdomen is vital part of body); ***Commonwealth v. Drumheller***, 570 Pa. 117, 142-43, 808 A.2d 893, 908 (2002), *cert. denied*, 539 U.S. 919, 123 S.Ct. 2284, 156 L.Ed.2d 137 (2003) (stating torso may be considered vital part of body).

***Commonwealth v. Correa***, No. 1480 EDA 2023, 2024 WL 4261789, at *6 (Pa. Super. Ct. Sept. 23, 2024) (non-precedential decision)[3].

Instantly, eyewitness Amarie Torres testified in detail about how an enraged Appellant trapped her and Reyes-Negron in their car, screamed invectives and threats at them, retrieved a firearm and fired five shots through the windshield without provocation, striking Reyes-Negron in vital parts of his body as he remained seated inside Torres' car. Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to sustain Appellant's conviction for first-degree murder.[4] Thus, to the extent Appellant has properly advanced a sufficiency challenge, it merits no relief.

Our inquiry does not end here, as the docket reveals that 33 days after appointed counsel filed his petition to withdraw and ***Anders*** brief, Appellant filed his June 17, 2024, *pro se* "Appellant's Motion to Proceed on Appeal *Pro Se*, and Request for Trial Transcripts" in response to counsel's ***Millisock*** letter

---

[3] ***See*** Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to an unpublished non-precedential memorandum decision of ... th[is] Court filed after January 15, 2008. Non-precedential decisions ... may be cited for their persuasive value.").

[4] Appellant appears to challenge only his first-degree murder conviction, so we do not address the sufficiency of the evidence for Appellant's remaining convictions.

advising him that he may, in response to counsel's stated intention to file an **Anders** brief, exercise his right to proceed *pro se* or hire private counsel. We misunderstood Appellant's responsive filing to indicate his intention to proceed *pro se* and, therefore, docketed the motion as a "*Pro se* Response to **Anders** Brief" without entering an order in response to his motion seeking this Court's permission to proceed *pro se*.

Furthermore, Appellant has, in the meantime, exercised his right under **Anders** to hire private counsel, as the record reflects not only Appellant's *pro se* request for transcripts but also the August 29, 2024, entry of private counsel, Jay M. Nigrini, Esq. Given Appellant's promptly filed *pro se* motion, the miscommunication between him and this Court with respect to his motion, and private counsel's entry on his behalf, we grant private counsel 30 days from the filing date of this decision to file with this Court either an advocate's brief or an **Anders** brief in the present appeal.[5] Upon such filing, the Commonwealth will have 30 days to file a responsive brief if it so chooses.

_____

[5] Appellant has exercised his right to file a *pro se* response seeking to raise issues he believes are both meritorious and overlooked by counsel, ***see*** ***Commonwealth v. Flowers,*** 113 A.3d 1246, 1248–49 (Pa. Super. 2015) (after **Anders** brief has been filed, appellant has the right to proceed *pro se* or hire private counsel), and by subsequently hiring private counsel, the appellant has essentially filed an advocate's brief. ***Id***.

Because Appellant has taken steps to have an advocate's brief filed on his behalf, we must review the counseled filing and forgo an independent review of the record that would typically follow a review of the **Anders** brief, for to conduct such a review and conclude that no non-frivolous issues exist therein
*(Footnote Continued Next Page)*

Attorney Bispel's petition to withdraw is granted. Appellant's *pro se* motion to file a responsive brief through privately retained counsel is granted in part, as counsel has 30 days from the filing date of this decision to file his brief. The Commonwealth then will have 30 days to file a responsive brief. Panel jurisdiction retained.

---

would render Appellant's right under the **Anders** rubric to proceed *pro se* or to hire private counsel meaningless. **Bennett**, 124 A.3d at 333–34.