J-S05034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAVON JONES | : | |
| | : | |
| Appellant | : | No. 2313 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 7, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001522-2024

BEFORE:   BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED FEBRUARY 7, 2025**

Appellant, Savon Jones, appeals from the judgment of sentence entered in the Court of Common Pleas of Chester County after he entered a counseled, negotiated guilty plea to one count of Theft by Unlawful Taking, 18 Pa.C.S.A. § 3921(a), graded as a misdemeanor of the first degree.  Appointed counsel has filed an application to withdraw as counsel along with a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Appellant claims the trial court imposed an illegal sentence by requiring him to submit a DNA sample and pay the corresponding $250 fee for his first-degree misdemeanor offense.  We affirm and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

The underlying facts and procedural history are not disputed. On April 17, 2024, Appellant was charged with Section 3921(a) Theft by Unlawful Taking—Movable Property and with Theft from a Motor Vehicle, 18 Pa.C.S.A. § 3934(a). Assisted by appointed plea counsel, Appellant elected to plead guilty to the Theft by Unlawful Taking charge. To that end, the record includes a written "Guilty Plea Colloquy" dated August 7, 2024, bearing plea counsel's handwritten notation, "all pages initialed and signed by counsel with permission by phone w/defendant on 7.30.24." Written Colloquy, 8/7/24. The written colloquy indicates, *inter alia*, that Appellant agrees to plead guilty to one count of Theft by Unlawful Taking in exchange for a sentence of two years' probation, a DNA sample and corresponding $250 fee, and $750 in restitution payable to the victim. **Id**.

The record also contains the trial court's written order of August 7, 2024, entitled, "Court Action," in which the trial court indicates with a series of check marks placed next to prepared statements that "Defendant's guilty plea(s) is/are accepted[,]" the "defendant is found to have understandingly completed or participated in the completion of the foregoing guilty plea form, and to have voluntarily and intelligently entered a plea of guilty to the charges described herein[,]" "the foregoing Plea Agreement is approved[,]" and that the "Defendant is sentenced in accordance with the Plea Agreement." The "Court Action" document bears the signature of the trial judge and is dated 8/7/24.

On August 12, 2024, Appellant filed with the trial court a *pro se* letter seeking to withdraw his plea on assertions that it was involuntary rendered

and resulted in an illegal sentence. Both assertions rested on Appellant's belief that his crime did not subject him to the provisions of the DNA Act.[1] Specifically, his letter maintained that on "multiple occasions" plea counsel incompetently and incorrectly advised him that his sentence required him to provide a DNA sample. He further claimed in the letter that his sentence was illegal because, "upon further investigation and research of caselaw, only sexually felonious acts and certain felonies are held to this standard under the DNA Act." *Pro se* post-sentence letter dated 8/12/24. The trial court denied Appellant's motion on August 16, 2024, and appointed conflict counsel to represent Appellant in his direct appeal.

As noted, direct appeal counsel has filed with this Court an application to withdraw as counsel and a corresponding **Anders** brief. Before we reach the merits of Appellant's issues on appeal, we evaluate the request to withdraw to determine whether counsel has complied with the procedures set forth in **Anders** and its progeny. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) *(en banc)* (citing **Commonwealth v. Goodwin**, 928 A.2d 287, 292 (Pa. Super. 2007) (*en banc*)). To do so, we are guided by the following principles:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might

---

[1] **See** DNA Detection of Sexual and Violent Offenders Act, 44 Pa.C.S.A. §§ 2301-2336 ("DNA Act").

- 3 -

arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof ....

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Falcey*, 310 A.3d 313, 314–15 (Pa. Super. 2024) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted)).

Our Supreme Court also has set forth substantive requirements for counsel's *Anders* brief, which must: "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes would arguably support the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)). Therefore, a fully compliant *Anders* brief should "articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." *Id*.

If counsel meets the foregoing obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the

proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. This Court has also explained:

> the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them.

**Yorgey**, 188 A.3d at 1197.

In this case, counsel has submitted both a petition to withdraw and an **Anders** brief averring that this appeal is frivolous. Attached to counsel's application is a letter dated November 11, 2024, which properly advised Appellant of his right to retain alternative counsel or raise supplemental arguments on his own. Our review confirms that the **Anders** brief submitted provides an adequate summary of the factual and procedural history of this matter, along with a discussion of governing Pennsylvania law as applied to these circumstances. Counsel explains why he believes the appeal is frivolous based on applicable law. **See id.**

Based upon the foregoing, we conclude that appellate counsel complied with the procedural requirements attendant to **Anders**. Therefore, we proceed to review the merits of the issues raised in counsel's brief and conduct

an independent review of the record to determine if there are any additional, non-frivolous issues not raised by counsel. **Yorgey**, **supra**.

Counsel's **Anders** brief raises and deems frivolous two related issues Appellant wished to raise, each centered on Appellant's belief that the trial court imposed an illegal sentence when it required him, as part of his sentence, to provide authorities with a DNA sample and pay the accompanying $250 fee. Controlling law supports counsel's position.

The relevant provision of 44 Pa.C.S.A. § 2316(a)(2), "DNA sample required upon conviction, delinquency adjudication and certain ARD cases," provides in relevant part that a person who is convicted "for a felony sex *or other specified offense* . . . shall have a DNA sample collected." **Id**. (emphasis added). Among the enumerated definitions of "other specified offense" provided in 44 Pa.C.S.A. § 2303, "Definitions," is "(4) an offense under 18 Pa.C.S. (relating to crimes and offenses) or 75 Pa.C.S. (relating to vehicles) that is graded as a misdemeanor of the first degree."

Appellant pled guilty to and was convicted for first-degree misdemeanor theft under 18 Pa.C.S.A. § 3921(a). Therefore, under the governing statutory regime, the imposition of a sentence requiring him to provide a DNA sample and pay the fee for doing so was legal. Accordingly, we agree with direct appeal counsel that Appellant is due no relief on his frivolous claims that his sentence was illegal and that plea counsel rendered ineffective assistance by accurately advising Appellant it was legal.

Turning to our independent review of the record under the *Anders*/*McClendon* scheme, we observe there is every indication from the certified record transmitted to this Court, party briefs, and trial court opinion that Appellant did not receive an on-the-record, guilty plea colloquy in open court before a trial judge as contemplated under Rule 590 of the Pennsylvania Rules of Criminal Procedure.[2] To the extent that this procedural error may have resulted in an involuntary and unknowing guilty plea, however, it was

_____

[2] Pa.R.Crim.P. 590, Pleas and Plea Agreements, provides:

**(A) Generally**
(1) Pleas shall be taken in open court.
(2) A defendant may plead not guilty, guilty, or, with the consent of the judge, *nolo contendere*. If the defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.
(3) The judge may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record.

**(B) Plea agreements.**
(1) At any time prior to the verdict, when counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record *in camera* and the record sealed.
(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.
(3) Any local rule that is inconsistent with the provisions of this rule is prohibited, including any local rule mandating deadline dates for the acceptance of a plea entered pursuant to a plea agreement.

incumbent upon Appellant to raise this issue with the plea court in his post-sentence motion. He did not do so. As this Court has long instructed,

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw a plea or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

**Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied,* 601 Pa. 696, 972 A.2d 521 (2009); **Commonwealth v. Lincoln**, 72 A.3d 606, 610-611 (Pa. Super. 2013). **See also Commonwealth v. Cox**, 231 A.3d 1011, 1016 (Pa. Super. 2020) (explaining that precedent does not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an **Anders** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal").

Here, we are constrained to conclude that Appellant did not preserve for direct appeal the issue of whether the trial court's apparent noncompliance with Rule 590 caused an involuntary, unknowing guilty plea in this matter.

Accordingly, we do not find any non-frivolous, appealable claim of error beyond that addressed by direct appeal counsel.

For the foregoing reasons, we affirm judgment of sentence and grant counsel's petition to withdraw.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/07/2025