**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MICHAEL ANTHONY LAWRENCE | : | |
| Appellant | : | No. 1012 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 30, 2024
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000730-2022

BEFORE: MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: JUNE 5, 2025**

Appellant, Michael Anthony Lawrence, appeals from the Judgment of Sentence entered on May 30, 2024, by the Bradford County Court of Common Pleas following his entering a plea of *nolo contendere*. Appellant's counsel, Patrick Lee Beirne, Esquire, (hereinafter "counsel") has filed a petition to withdraw as counsel and an **Anders**[1] brief to which Appellant has not filed a response. Following careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

This matter arises from a domestic incident having occurred on November 5, 2022, between Appellant and Appellant's paramour at their

---

[*] Former Justice specially assigned to the Superior Court.
[1] **Anders v. California**, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); **see also Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009).

residence in Bradford County, Pennsylvania. Following said incident, Appellant was charged with one count Simple Assault[2], one count Terroristic Threats[3], one count Harassment[4], one count Strangulation – Applying Pressure to Throat or Neck[5], one count False Imprisonment relative to an adult victim[6], and two counts False Imprisonment relative to victims under the age of 18[7]. Following a period of pre-trial litigation not relevant to the issues raised on appeal, the matter was scheduled for trial on March 11, 2024. At that time, Appellant entered a plea of *nolo contendere* to the sole count of Strangulation. In exchange, the Commonwealth withdrew all remaining counts and agreed not to pursue charges of indirect criminal contempt in a second matter.

The case proceeded to sentencing on May 30, 2024, presided over by the Honorable President Judge Maureen T. Beirne of the Bradford County Court of Common Pleas. N.T. 5/30/2024. President Judge Beirne was provided with a pre-sentence investigation report ("PSI") prior to the hearing, which indicated that Strangulation carried an offense gravity score ("OGS") of nine and that Appellant's prior record score ("PRS") was at that time a five, which yielded a standard range sentence of forty-eight (48) to sixty (60) months of incarceration. *Id.* at 1. The PSI included a criminal history for Appellant, from

---

[2] 18 Pa.C.S. § 2701(a)(1).
[3] 18 Pa.C.S. § 2706(a)(1).
[4] 18 Pa.C.S. § 2709(a)(1).
[5] 18 Pa.C.S. § 2718(a)(1).
[6] 18 Pa.C.S. § 2903(a).
[7] 18 Pa.C.S. § 2903(c).

which the Court read during the hearing listing numerous past offenses spanning from 1999 through to 2021. ***Id.*** at 9-10. During the hearing, counsel indicated to the Court that there were "discrepancies in [Appellant's] prior record score," as contained in the PSI which, subject to further investigation, would be addressed in a post-sentence motion. ***Id.*** at 2. The Court was also provided with a written victim statement, and a recording was played during the hearing depicting an interview between Trooper Decatur of the Pennsylvania State Police and a minor who was a witness to the incident. ***Id.*** at 1, 4-8. In addition to argument by counsel, Appellant addressed the Court directly; of note, he did not address the aforementioned "discrepancies," in the PRS calculation. ***Id.*** at 14-16.

President Judge Beirne imposed a standard range sentence of sixty (60) to one-hundred and twenty (120) months of incarceration, gave credit for five-hundred and seventy-two (572) days of time served, directed Appellant to pay the cost of prosecution, and ordered a fine of one-thousand dollars ($1,000.00). ***Id.***

On June 7, 2024, Appellant, through counsel, filed a one-page post-sentence motion recounting Appellant's sentence and averring simply "3. Defendant feels the sentence is too harsh," and "4. Defendant believes there are certain convictions listed [*sic*] the Pre-Sentence Investigative Report [*sic*] are not crimes for which the Defendant was convicted." ***Appellant's Post Sentence Motion.*** The motion at no point specifies with which of the

numerous offenses listed on the PSI Appellant takes issue, nor does it include what Appellant believes the correct PRS to be, nor does it propound any more specific challenges to the sentence imposed. The lower Court denied this motion in an order dated June 27, 2024. Said order also notified Appellant of his appellate rights.

Notice of Appeal was timely filed on July 16, 2024. No order was issued directing Appellant to file a concise statement of matters complained of on appeal. On November 14, 2024, the lower Court filed its Pa.R.A.P. 1925(a) opinion, addressing the matters raised in Appellant's post-sentence motion.

On December 30, 2024, counsel for Appellant filed an **Anders** brief, and on December 31, 2024, a motion to withdraw as counsel and a letter with accompanying certificate of service reflecting service on Appellant, advising Appellant of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005). To date, Appellant has not responded.

Prior to evaluating the merits of the appeal, we must first determine whether Appellate counsel has complied with the procedures set forth in **Anders** and its progeny. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*). In so doing, we are guided by the following principles:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof ....

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

***Commonwealth v. Falcey***, 310 A.3d 313, 314-15 (Pa. Super. 2024)(quoting ***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007)(citations omitted)).

In order to satisfy the substantive requirements of ***Anders***, a brief must: "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes would arguably support the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." ***Commonwealth v. Santiago***, 602 Pa. 159, 178-79, 978 A.2d 349, 361 (2009).

In the instant matter, we are satisfied that counsel has complied with the requirements set forth in ***Anders*** and its progeny, and that his obligations thereunder are met. Counsel's brief sufficiently recounts the procedural and factual history of the matter, as supported by citation to the record, clearly states his belief that the appeal is frivolous, and provides sound reasoning and

citation to the record as well as appropriate authority in support of that conclusion. Further, the aforementioned letter and certificate of service establish that counsel has advised Appellant appropriately.

Thus, it now "becomes the responsibility of [this Court] to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.*

Appellant raises two issues on appeal:

I. Did the trial court abuse its discretion when it sentenced the Appellant to an aggregate sentence of 60 months to 120 months?
II. Was the Appellant's prior record score incorrectly calculated in determining his sentence?

**Appellant's Brief** at 4.

Preliminarily, we note that both issues are challenges to the discretionary aspect of sentencing. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014)(a claim that sentence imposed is excessively harsh is a challenge to the discretionary aspects of a sentence); *Commonwealth v. Sunealitis*, 153 A.3d 414, 421 (Pa. Super. 2016)(a claim that sentencing guidelines were miscalculated is a challenge to the discretionary aspects of a sentence). As we have previously observed, "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." *Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa. Super. 2016) (citation omitted). Rather, to invoke our jurisdiction

involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.*

We have previously explained that "[a] defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa. Super. 2012).

Following review, we conclude that Appellant has not and, under these facts and circumstances, cannot successfully invoke this Court's jurisdiction relative to either matter raised on appeal.

Regarding Appellant's first issue, we have repeatedly held that bald assertions of excessiveness in sentencing do not raise a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010)("As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code."); *see also Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012). Further, where the sentencing court was provided with a PSI, we "shall continue to presume that the

sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-102, 546 A.2d 12, 18 (1988). Additionally, it is well-settled that a sentence imposed within the standard range is presumptively reasonable. ***See Commonwealth v. Walls***, 592 Pa. 557, 926 A.2d 957, 964-965 (2007); ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009).

Here, it is undisputed that Appellant received a standard range sentence on the sole count of strangulation to which he plead *nolo contendere*, and the sentencing Court had been provided with a PSI. In challenging the sentence imposed, Appellant's post sentence motion merely states "[Appellant] feels the sentence is too harsh." However, he never expands upon that sentiment; he does not identify any provision of the sentencing code or fundamental norm underlying the sentencing process which his imminently reasonable sentence supposedly violates, let alone advance any argument in support of that absent assertion. Further, after thorough review of the record presented on appeal, we detect no basis for this claim which counsel failed to raise on Appellant's behalf. We therefore concur with counsel's conclusion that Appellant's challenge to the excessiveness of the sentence imposed is wholly frivolous.

In addressing Appellant's second matter raised on appeal, we find it to have been waived. As noted above, a challenge to the calculation of the PRS implicates a challenge to the discretionary aspects of sentencing; therefore, the challenge must be preserved at time of sentencing or in a post-sentence

motion. ***Commonwealth v. Archer***, 722 A.2d 203, 211 (Pa. Super. 1998) (*en banc*) (same); ***see also Commonwealth v. Sheets***, 302 A.3d 145, 153 (Pa. Super. 2023)(failure to preserve a discretionary sentencing issue results in waiver). However, merely asserting that the PRS has been incorrectly calculated is insufficient to preserve the matter for appellate review. Rather, the rationale for the challenge to the calculation of the PRS must be stated with specificity and particularity, such that the trial court is afforded the opportunity to correct its sentence. ***Commonwealth v. Clary***, 226 A.3d 571, 579 (Pa. Super. 2020)(challenge to sentence must be stated with specificity and particularity and must provide trial court opportunity to correct its sentence)(*citing* Pa.R.Crim.P. 720(B)(1)(a); ***Commonwealth v. Tejada***, 107 A.3d 788, 798-99 (Pa. Super. 2015)).

Here, while counsel raised a possibly forthcoming challenge to the calculation of the PRS at time of sentencing, he was not able to inform the Court of either a specific offense or specific offenses which constituted the alleged error in the PRS calculation. Rather, counsel informed the Court as follows:

> "We found some [*sic*] what we believe are discrepancies in his prior record score. [...] [W]e'll file a motion after we find out whether they are correct or not. We're gonna investigate that further. [...] I think there's a [] controlled substance [] felony and the other is a weapons [] charge that we think both [] were dismissed."

N.T. 5/5/30/2024 at 2.

Given counsel's equivocation and the numerous offenses listed on the PSI, the lower Court at that time was not, in any meaningful sense, provided

with an opportunity to address any potential error. The motion which was timely filed following sentencing was even less specific, stating only that "Defendant believes there are certain convictions listed [*sic*] the Pre-Sentence Investigative Report [*sic*] are not crimes for which the Defendant was convicted." **Appellant's Post Sentence Motion**. Again, these allegations are so vague as to have provided the sentencing Court with no meaningful opportunity to correct any potential error. As such, we find that this issue was not properly preserved, and, pursuant to **McLaine**, **supra**, Appellant has failed to successfully invoke our jurisdiction over this matter.[8]

For these reasons, we agree with appellate counsel that Appellant's challenges to the discretionary aspects of his sentence are wholly frivolous. Furthermore, our independent review of the entire record, as required pursuant to **Anders**, reveals no additional non-frivolous claims. **Yorgey**, 188 A.3d at 1195. Accordingly, we grant appellate counsel's petition to withdraw and affirm the judgment of sentence.

_____

[8] We note that in his **Anders** brief, counsel clarifies that the challenged offense is in fact a conviction on one count of "unlawful possession of a weapon – handgun," a misdemeanor of the first degree, from Essex County, New Jersey in 2004. **Appellant's Brief** at 14-15. However, counsel notes that whether this offense is correctly included in the PSI has no bearing on the PRS, where the PSI erroneously omitted three additional convictions listed on Appellant's record, including one felony "delivery of a controlled substance," which would have rendered Appellant's PRS a five, regardless. As such, even if this issue was preserved, it would have merited no relief.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/5/2025