J-S42008-23

2024 PA Super 16


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK MICHAEL FALCEY, JR. | : | |
| | : | |
| Appellant | : | No. 1541 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 18, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005656-2020


BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

OPINION BY BOWES, J.: **FILED JANUARY 29, 2024**

Patrick Michael Falcey, Jr. appeals from the judgment of sentence of two and one-half to five years of incarceration imposed after the trial court found him in violation of his probation. Appellant's counsel, Stuart Wilder, Esquire has filed a petition to withdraw as counsel and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we deny counsel's petition to withdraw and remand for further proceedings consistent with this opinion.

Appellant pled guilty in 2021 to terroristic threats, simple assault, and possessing instruments of crime following an incident with his girlfriend and grandparents. The court imposed time served to two-years-less-one-day of imprisonment, followed by five years of probation. After his release from incarceration, Appellant failed to comply with the terms of his supervision, and

following a **Gagnon II** hearing, the trial court determined that he violated probation and imposed the above-referenced sentence. This timely appeal ensued. The trial court filed a concise statement order, and Attorney Wilder submitted a statement of intent to withdraw pursuant to Pa.R.A.P. 1925(c)(4). Thereafter, the trial court filed its Rule 1925(a) opinion.

Counsel in this Court filed both an **Anders** brief and a petition to withdraw as counsel. The following legal principles apply to our consideration of these filings:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that he has not complied with the requirements set forth above. Counsel provided an appropriate summary of the facts and procedural history. **See Anders** brief at 6-12. Further, he supplied the brief to Appellant and advised him of his right to hire new counsel or proceed *pro se* in this Court.[1] However, counsel's **Anders** brief is defective because it simultaneously contends that Appellant's appeal is wholly frivolous and that the lower court abused its discretion in sentencing Appellant to the abovementioned term. **See id**. at 13.

In this vein, counsel devotes a section of the **Anders** brief to explaining that Appellant's claims are frivolous and that he should be permitted to withdraw. **See id**. at 14-20. Counsel opines that "there are no non-frivolous grounds that can be advanced in support of [A]ppellant's appeal." **Id**. at 20.

_____

[1] Appellant filed a *pro se* response to Attorney Wilder's letter, wherein Appellant alleged that the Commonwealth and the probation officer who testified at the hearing concerning the revocation of Appellant's probation offered false testimony. **See** Appellant's Response to **Anders** brief, 9/20/23, at 1-3.

Attorney Wilder also states that Appellant's sentence was "well within the [trial court's] discretion." *Id*.

However, counsel then argues that, in sentencing Appellant, the court did not give sufficient weight to a purported mitigating factor, *i.e*., Appellant's rehabilitative needs. *Id*. at 25. Attorney Wilder contends that "[t]he court's explanation for its sentence insufficiently acknowledged the testimony of [A]ppellant and his father that augured a law-abiding future for the [A]ppellant once he received adequate treatment." *Id*. Counsel asserts that because the judgement of sentence was not necessary to vindicate the authority of the court, it should be vacated as excessive, and the matter remanded to the trial court. *Id*.

As this Court thoroughly discussed in **Commonwealth v. Morrison**, 173 A.3d 286 (Pa.Super. 2017), it is improper for counsel to file a hybrid advocate's/no-merit brief. We explained that the **Anders** procedure "applies only to appeals that are **wholly** frivolous—that is, cases where counsel has determined that there are no arguments that counsel may advance because **all** issues lack basis in law and/or fact." *Id*. at 291 (emphases in original). Attorney Wilder briefly articulated what he believed to be an issue of arguable merit, namely that the sentence was not necessary to vindicate the court's authority and was excessive. Hence, the hybrid analysis outlined in the **Anders** brief is defective, and an advocate's brief is required.

However, because counsel filed a 1925(c)(4) statement of intent to withdraw in lieu of a Rule 1925(b) statement, the trial court never had an opportunity to address this potentially meritorious issue. Accordingly, we remand the matter for the trial court to file a Rule 1925(a) opinion addressing the merits of Appellant's claim. **See** Pa.R.A.P 1925(c)(4) (stating that where counsel files an **Anders** brief and petition to withdraw, "[i]f the appellate court believes there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court shall remand for the filing and service of a Statement pursuant to Pa.R.A.P. 1925(b), a supplemental opinion pursuant to Pa.R.A.P. 1925(a), or both"); **see also Commonwealth v. Stroud**, 298 A.3d 1152, 1158 (Pa.Super. 2023).

Hence, we deny Attorney Wilder's petition to withdraw and instruct the trial court to file an opinion addressing Appellant's sentencing claim within thirty days of the date of this opinion. The Prothonotary of this Court shall subsequently establish a new schedule for briefing.

Finally, while Attorney Wilder and the Commonwealth both cite the transcript from Appellant's November 5, 2021 guilty plea and sentencing hearing, it is not included in the certified record. As it is Appellant's burden to ensure that the certified record is complete, we direct counsel to supplement the certified record with this transcript pursuant to Pa.R.A.P. 1926(b). **Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa.Super. 2013) (stating it is an appellant's responsibility to ensure that the certified record

includes "all of the materials necessary for the reviewing court to perform its duty").

Petition of Stuart Wilder, Esquire, to withdraw as counsel is denied. Counsel shall obtain the missing transcript and secure its inclusion in a supplemental certified record. Matter remanded with instructions. Panel jurisdiction retained.