J-A06043-25

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NEIL TYRONE THOMPSON | : | |
| | : | |
| Appellant | : | No. 2316 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 14, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001590-2023

BEFORE: PANELLA, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 19, 2025**

Appellant Neil Tyrone Thompson appeals from the judgment of sentence entered by the Court of Common Pleas of Delaware County after Appellant pled guilty to Aggravated Assault[1] and Persons Not to Possess a Firearm.[2] Appellate counsel has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). After careful review, we affirm the judgment of sentence and grant counsel's application to withdraw.

On February 2, 2023, Appellant was charged with three counts of Aggravated Assault, three counts of Recklessly Endangering Another Person along with one count each of Persons Not to Possess a Firearm, Possession of a Firearm Without a License, Possession of a Firearm with Manufacturer Number Altered, and Possession of an Instrument of Crime.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 2702(a)(4) (attempts to cause or causes bodily injury with a deadly weapon).
[2] 18 Pa.C.S.A. § 6105(a)(1).

On August 14, 2023, Appellant entered an open guilty plea to Aggravated Assault and Persons Not to Possess a Firearm. Appellant completed both written and oral plea colloquies. On the same day, the trial court sentenced Appellant to an aggregate sentence of four to ten years' imprisonment along with a consecutive two-year term of probation. On August 27, 2023, Appellant filed a *pro se* notice of appeal.

On September 7, 2023, the trial court appointed Appellant new counsel to represent Appellant on appeal. Appellant complied with the trial court's direction to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Thereafter, appellate counsel filed an application to withdraw as counsel along with an ***Anders*** brief, claiming the appeal lacked non-frivolous issues.

We must evaluate appellate counsel's request to withdraw before we reach the merits of the appeal to determine whether appellate counsel has complied with the procedures set forth in ***Anders*** and its progeny. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa.Super. 2018) *(en banc)*. To do so, we are guided by the following principles:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof ....
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

- 2 -

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Falcey**, 310 A.3d 313, 314–15 (Pa.Super. 2024) (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted)).

Our Supreme Court has also set forth substantive requirements for counsel's **Anders** brief, which must: "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes would arguably support the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." **Commonwealth v. Santiago**, 602 Pa. 159, 178-79, 978 A.2d 349, 361 (2009)). Therefore, a fully compliant **Anders** brief should "articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Id.**

If counsel meets the foregoing obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. This Court has also explained that:

the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them.

**Yorgey**, 188 A.3d at 1197.

In this case, appellate counsel has submitted both a petition to withdraw and an **Anders** brief averring that this appeal is frivolous. Attached to counsel's application is a letter dated October 4, 2024, which properly advised Appellant of his right to retain alternative counsel or raise supplemental arguments on his own.[3] Our review confirms that the **Anders** brief submitted provides an adequate summary of the factual and procedural history of this matter, along with a discussion of governing Pennsylvania law as applied to these circumstances. Counsel explains why he believes the appeal is frivolous based on applicable law. **See id.**

Based upon the foregoing, we conclude that appellate counsel complied with the procedural requirements attendant to **Anders**. Therefore, we proceed to review the merits of the issue raised in appellate counsel's brief and conduct an independent review of the record to determine if there are any additional, non-frivolous issues not raised by counsel. **Yorgey**, **supra**.

Appellate counsel indicates that Appellant wished to challenge the validity of his guilty plea based on his allegation that it was not knowingly,

_____

[3] Appellant has not responded to appellate counsel's application to withdraw.

intelligently, and voluntarily entered. This Court has established six topics that must be covered by a valid plea colloquy: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Jabbie***, 200 A.3d 500 (Pa.Super. 2018) (citation omitted); ***see*** Pa.R.Crim.P. 590, cmt.

Our review of the record reveals that Appellant completed an extensive written guilty plea colloquy which thoroughly discussed the necessary topics for the entry of a valid plea. Appellant placed his initials at each of the colloquy paragraphs to indicated that he understood and agreed with the statements set forth therein. Appellant also submitted to an oral colloquy on the record at Appellant's plea hearing in which he again acknowledged he understood the ramifications of his guilty plea and was satisfied with the representation of his trial counsel. Notes of Testimony, 8/14/23, at 5-8. We agree with appellate counsel's assessment that there is no evidence of record that would support Appellant's claim that his guilty plea was not knowing, intelligent, or voluntary.

To the extent that Appellant wishes to argue that trial counsel was ineffective in advising him to enter the open guilty plea, we emphasize that as a general rule, "claims of ineffective assistance of counsel are to be deferred to PCRA review, … such claims should not be reviewed upon direct appeal."[4]

_____

[4] While our Supreme Court has recognized exceptions to the general rule that ineffectiveness claims be deferred to collateral review, none of those exceptions are applicable here.

***Commonwealth v. Holmes***, 621 Pa. 595, 79 A.3d 562 (2013) (citing ***Commonwealth v. Grant***, 572 Pa. 48, 813 A.2d 726 (2002)).

For these reasons, we agree with appellate counsel that Appellant's challenge to the validity of his guilty plea is wholly frivolous. Furthermore, our independent review of the entire record, as required pursuant to ***Anders***, reveals no additional non-frivolous claims. ***Yorgey***, 188 A.3d at 1195. Accordingly, we grant appellate counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/19/2025