J-S16025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     : PENNSYLVANIA
                                     :

          v.                     :

JOHN BENDER                  :
                                     :

            Appellant      : No. 1689 MDA 2024

Appeal from the Judgment of Sentence Entered October 22, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005408-2023

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

JUDGMENT ORDER BY BOWES, J.: **FILED MAY 23, 2025**

John Bender appeals from the sentence of six months of probation following his conviction for driving under the influence ("DUI"). Before this Court, Alexander D. Egner, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny the petition to withdraw and order new briefing.

At the conclusion of a bench trial that began on October 21, 2024, the trial court found Appellant guilty of one count of DUI. He was sentenced as indicated above on October 22, 2024. Appellant timely appealed with the assistance of counsel. The trial court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b), and counsel complied by submitting a Rule 1925(c)(4) statement, expressing his intent to withdraw. The court entered

an opinion indicating that in light of counsel's filing, it had no basis upon which to address any alleged errors on appeal.

As noted, counsel has filed in this Court an **Anders** brief and application to withdraw. The following legal principles apply to our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof[.]
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Falcey**, 310 A.3d 313, 314-15 (Pa.Super. 2024) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of Attorney Egner's petition to withdraw and *Anders* brief, we conclude that he has not complied with the requirements set forth above. Specifically, while counsel provided a summary of the underlying facts in the brief, he included no citations to the record to support his assertion that any issues raised would be frivolous. Moreover, there is no indication that counsel requested the transcripts for the bench trial or sentencing proceedings, and they are not included in the certified record. An attorney cannot satisfy the requirements of *Anders* when he fails to procure transcripts for dispositive proceedings. *See*, *e.g.*, *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa.Super. 2015) ("Without these notes of testimony, [c]ounsel could not have fulfilled his duty to review the entire record for any non-frivolous issues." (citation omitted)).

For these reasons, we deny Attorney Egner's petition to withdraw and direct counsel, within ten days of the date of this judgment order, to request the notes of testimony for the bench trial that commenced on October 21, 2024, and the sentencing hearing held on October 22, 2024. Counsel shall have forty-five days from the date the transcripts are completed to secure their inclusion in a supplemental certified record, and file either an advocate's brief or a new *Anders* brief and petition to withdraw. The Commonwealth shall have thirty days thereafter to respond.

Application of Alexander D. Egner, Esquire, to withdraw as counsel denied. New briefs ordered. Panel jurisdiction retained.