J-S16025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN BENDER | : | |
| | : | |
| Appellant | : | No. 1689 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 22, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005408-2023

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                **FILED: SEPTEMBER 9, 2025**

John Bender appeals from the sentence of six months of probation following his conviction for driving under the influence ("DUI").  Before this Court, Alexander D. Egner, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).  We grant the petition to withdraw and affirm Appellant's judgment of sentence.

In the early morning hours of July 2, 2023, Officer Cameron Burke of the Lititz Borough Police was parked in a specially designated zone of the department's parking lot, observing passing traffic.  Appellant, driving a red Jeep, pulled into one of the adjacent law enforcement-only spots and approached the officer.  Officer Burke alighted from his vehicle and conversed with Appellant on the sidewalk.  Appellant began rambling about somebody

"hassling" him, had watery eyes, smelled of alcohol, and admitted to just coming from a bar where he had at least one drink. Appellant also indicated to the officer during the interaction that he was prescribed, and regularly took, Hydrocodone, Tramadol, and Toradol. Appellant agreed to undergo field sobriety tests, wherein Officer Burke observed numerous signs of intoxication. The interaction was recorded on the officer's body camera.

Officer Burke then called for the assistance of Tyler Weinholdt, a drug recognition expert ("DRE") with the department. Officer Weinholdt performed a battery of assessments, concluding that Appellant was exhibiting "alcohol impairment along with [central nervous system] stimulant and narcotic analgesic." N.T. Trial, 10/21/24, at 59-60. While speaking with the DRE, Appellant again confirmed the medications that he had taken the prior evening and when asked how impaired he felt on a scale of one to ten, he answered five.

Afterward, Appellant consented to a blood draw. The lab results ultimately showed that his blood alcohol content at the time of the draw was .053%, and he had therapeutic levels of Hydrocodone, Tramadol, and its corresponding metabolite in his system. The Commonwealth thereafter charged Appellant with two counts of DUI, one in violation of 75 Pa.C.S. § 3802(d)(2), concerning a combination of drugs, and the other relating to 75 Pa.C.S. § 3802(d)(3), a combination of alcohol and drugs.

The matter proceeded to a bench trial on October 21, 2024. The Commonwealth presented several witnesses who testified in accordance with

the above. Particularly, forensic toxicologist Stephanie Marco attested that alcohol, combined with the several drug depressants in Appellant's system, would have likely amplified the effects of his medications. Appellant testified in his defense, admitting to drinking two Long Island iced teas that evening and to taking at least some of the medicine later confirmed to be in his system. His general defense was that he suffers from multiple conditions, including lupus and fibromyalgia, that affected his performance on the various sobriety tests administered.

The trial court initially took the matter under advisement at the conclusion of trial, but reconvened the following morning, finding Appellant guilty of DUI as it pertained to the combination of drugs and alcohol in Appellant's system.[1] He was sentenced as indicated above on that same day. Appellant filed no post-sentence motions.

Appellant timely appealed. The trial court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b), and counsel responded by submitting a Rule 1925(c)(4) statement, expressing his intent to withdraw. The court entered an opinion indicating that in light of counsel's filing, it had no basis upon which to address any alleged errors on appeal.

In this Court, Attorney Egner filed an **Anders** brief and application to withdraw. We entered a memorandum denying the application because counsel had neither requested the relevant transcripts nor provided any

---

[1] The court entered a not guilty verdict as to remaining DUI count.

citations to the record in the brief. Accordingly, we directed counsel to order the transcripts, ensure their inclusion in a supplemental record, file a new brief and, if deemed appropriate, a revised application to withdraw. Attorney Egner complied with our mandate and submitted a second **Anders** brief and application to withdraw.

The following legal principles apply to our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof[.]
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Falcey**, 310 A.3d 313, 314-15 (Pa.Super. 2024) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports

the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of Attorney Egner's petition to withdraw and *Anders* brief, we conclude that he has complied with the requirements set forth above. He provided an appropriate summary of the facts and procedural history. *See Anders* brief, 7/23/25, at 5. The brief states that the appeal is frivolous and presents counsel's reasons for so concluding, with citation to pertinent legal authority. *Id*. at 6-8. Further, counsel supplied the brief to Appellant and advised him of his immediate right to hire new counsel or proceed *pro se* in this Court. Appellant did not avail himself of that opportunity. Hence, we proceed to "'make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

Counsel identifies a single issue that would arguably support an appeal, namely whether the evidence was sufficient to support Appellant's conviction for DUI. We consider this issue mindful of the following well-settled standard of review:

When reviewing a [sufficiency] claim, we face a question of law. Accordingly, our standard of review is *de novo*. We view the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom

- 5 -

in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt.

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, we may not weigh the evidence and substitute our judgment for the factfinder. Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Roberts*, 293 A.3d 1221, 1223 (Pa.Super. 2023)

(cleaned up).

The crime in question is defined as follows:

**(d) *Controlled substances. —*** An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

. . . .

(3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(3).

Within the *Anders* brief, counsel proffers the following discussion relating to the sufficiency of the DUI conviction:

[Appellant] had the opportunity to testify at trial and admitted the use of both alcohol and prescription medication. The affiant[, Officer Burke,] testified regarding his interactions with [Appellant,] including playing the video from his body worn camera. A [DRE] both testified and was cross-examined about his training and his findings. All objection[s] and rulings lodged during the trial were ruled in favor of [Appellant], including an objection to exclude the [Horizontal Gaze Nystagmus] field

sobriety test and an objection to exclude evidence consisting of one of [Appellant]'s prescriptions. No pre-trial motions were filed. When reviewing the evidence in the light most favorable to the Commonwealth, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt.

***Anders*** brief, 7/23/25, at 7 (cleaned up).

Upon our review, we agree with counsel that this claim, if raised, would be wholly devoid of merit. In viewing the evidence pursuant to the proper standard, there was considerable undisputed evidence that Appellant operated a vehicle and that he was "under the combined influence of alcohol and a drug" to a degree that impaired his ability to do so at that time. ***See*** 75 Pa.C.S. § 3802(d)(3). Appellant admitted to the officers during the incident, and also to the judge at trial, that he consumed alcohol, Hydrocodone, and Toradol prior to driving. Moreover, the blood test results conclusively showed that Appellant had Tramadol in his system, which, like Hydrocodone, is a central nervous system depressant that reacts strongly with alcohol. The testimony from the officers further bore out that during the encounter, Appellant was rambling in his speech, highly emotional, and struggled with all the field sobriety tests targeting the divided attention skills required for safe driving. Thus, the Commonwealth offered sufficient evidence of Appellant's impairment, and as such he would not be entitled to any relief on this claim.

Additionally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues

that counsel failed to address. ***See Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

Accordingly, we grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application of Alexander D. Egner, Esquire, to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>09/09/2025</u>