J-S28007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MANUEL DEJESUS-PEREZ :
:
Appellant : No. 171 MDA 2025

Appeal from the Judgment of Sentence Entered January 15, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002647-2023

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.: **FILED SEPTEMBER 16, 2025**

Manuel Dejesus-Perez appeals from the aggregate judgment of sentence of five to ten years of imprisonment imposed upon his convictions for various drug-related offenses. In this Court, William C. Bispels, Esquire, has applied to withdraw as Appellant's counsel and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

The trial court offered the following summary of the facts underlying Appellant's convictions:

> On July 24, 2023, Officer William Fursin (hereinafter referred to as "Officer Fursin"), Criminal Investigator James Gresh (hereinafter referred to as "C.I. Gresh"), State Parole Agent Chris Hall (hereinafter referred to as "APO Hall"), and State Parole Agent Johnston (hereinafter referred to as "APO Johnston") were in an unmarked vehicle patrolling the 200 block of South 6th Street in

the City of Reading as a part of a neighborhood gun violence detail. While patrolling, Officer Fursin saw a white Ford Ranger on the west side of the block parked in front of a couple [of] houses that were known to sell narcotics out of them. Two adult males were standing outside the vehicle on the driver's side, the driver's side door was open, and both males were facing each other with their hands in an upward position. It appeared as if they were maneuvering something between each other. Officer Fursin rolled down his window and asked Appellant what was in his hands, at which point Appellant held up his hands and said he had cash and Officer Fursin saw cash in Appellant's one hand and a pill bottle filled with drugs in his other.

Officer Fursin, along with C.I. Gresh, APO Hall, and APO Johnston all exited the vehicle, and as they did so, Officer Fursin saw the individual with Appellant throw a plastic bag up into the car, the way the bag was balled up caused Officer Fursin to believe that it held illegal narcotics because that is how they are commonly found. The man then shut the door to the car and both men walked away from the officers and would not turn towards them. The officers made contact and detained both men. Appellant threw the pill bottle that Officer Fursin had seen him holding onto the ground, and after a short struggle, was handcuffed and detained along with the man he was with.

Once Appellant was taken into custody, he was searched by Officer Fursin. During the search, Officer Fursin found a hypodermic needle, a large pill bottle with fifty-eight bags of fentanyl in bundles, two plastic pop top containers of cocaine, bulk crack cocaine, bulk cocaine, synthetic marijuana, suboxone, $225 in U.S. currency, and new and unused packaging materials.

Trial Court Opinion, 3/31/25, at 2-3 (cleaned up).

Appellant was charged with seven possessory offenses. He filed a pretrial motion to suppress the evidence obtained from the search, contending that APO Hall did not have the authority to detain Appellant since he was not under state or county supervision, that the officers lacked reasonable suspicion to undertake an investigative detention, and that his custodial

detention was not supported by probable cause. The trial court denied the motion after a hearing. Appellant elected to proceed to a non-jury trial at which the court found him guilty on all counts and sentenced him as indicated above. This timely appeal followed the denial of Appellant's post-sentence motion, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

As noted, rather than submitting an advocate's brief on appeal, Attorney Bispels filed an application to withdraw as counsel and an **Anders** brief. Thus, the following legal principles apply to our review:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof[.]

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Falcey**, 310 A.3d 313, 314-15 (Pa.Super. 2024) (citations omitted).

Our Supreme Court has further detailed counsel's duties as follows:

- 3 -

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of Attorney Bispels's petition to withdraw and **Anders** brief, we conclude that he has complied with the requirements set forth above. Counsel provided a summary of the facts and procedural history. **See Anders** brief at 8-10. The brief states that the appeal is frivolous and presents counsel's reasons, with citation to pertinent legal authority. **Id**. at 14-17. Further, counsel supplied the brief to Appellant and advised him of his right to hire new counsel or represent himself in this Court.[1] Hence, we proceed to "'make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting **Santiago**, 978 A.2d at 354 n.5).

Counsel identified the following issue of arguable merit: "Whether the lower court erred in denying [Appellant]'s motion to suppress evidence." **Anders** brief at 7 (cleaned up). Accordingly, we examine the legal tenets that apply to our independent assessment of the appeal:

[O]ur standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether

---

[1] Appellant has not availed himself of either option.

the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

*Commonwealth v. Singleton*, 169 A.3d 79, 82 (Pa.Super. 2017) (cleaned up).

The Fourth Amendment to the federal constitution guarantees individuals freedom from unreasonable searches and seizures, "including those entailing only a brief detention."[2] *Commonwealth v. Mattis*, 252 A.3d 650, 654 (Pa.Super. 2021) (cleaned up). This Fourth Amendment right "require[s] law enforcement officers to demonstrate ascending levels of suspicion to justify their interactions with citizens to the extent those interactions compromise individual liberty." *Commonwealth v. Hampton*, 204 A.3d 452, 456 (Pa.Super. 2019) (citation omitted). For this purpose, interactions fall into one of three categories:

The first is a mere encounter, or request for information, which need not be supported by any level of suspicion. The second category of interaction, an investigative detention . . ., subjects an individual to a stop and period of detention but is not so

_____

[2] While there are instances in which the Pennsylvania Constitution affords greater safeguards than the Fourth Amendment, we will treat the constitutional protections as coextensive where, as here, the defendant does not contend otherwise. *See*, *e.g.*, *Commonwealth v. Lagenella*, 83 A.3d 94, 99 n.3 (Pa. 2013).

- 5 -

coercive as to constitute the functional equivalent of an arrest. To survive constitutional scrutiny, an investigative detention must be supported by a reasonable and articulable suspicion that the person seized is engaged in criminal activity and may continue only so long as is necessary to confirm or dispel such suspicion. Finally, an arrest or custodial detention must be supported by probable cause to believe the person is engaged in criminal activity.

*Commonwealth v. Livingstone*, 174 A.3d 609, 614 n.1 (Pa. 2017) (cleaned up).

As noted above, the suppression issues raised in the trial court were that the officers lacked neither reasonable suspicion for an initial detention nor probable cause for the ultimate arrest. Appellant further contended that APO Hall, the officer who physically restrained Appellant, did not have legal authority to do so because Appellant was not on probation or parole. We agree with counsel that this appeal cannot be supported by challenges to the trial court's rejection of these claims.

Whether we deem it a mere encounter or an investigative detention, the initial interaction between the police and Appellant, when Officer Fursin rolled down the window of the unmarked police vehicle and asked Appellant what he had in his hands, was plainly supported by reasonable suspicion. *See*, *e.g.*, *Commonwealth v. Brame*, 239 A.3d 1119, 1132 (Pa.Super. 2020) (holding investigative detention was valid where officer witnessed, in a high-crime area, what appeared in his experience to be an exchange of money and drugs).

This suspicion then turned into probable cause when Appellant held up his hands and revealed cash and a translucent pill bottle through which baggies of suspected contraband drugs were visible. ***See***, ***e.g.***, ***Commonwealth v. Daniels***, 999 A.2d 590, 598 (Pa.Super. 2010) (holding reasonable suspicion of suspected drug sales "ripened into probable cause to arrest" when the officer saw the drugs on the appellant's lap).

Accordingly, the officers were justified in ordering Appellant, who had begun walking away after the co-defendant threw down a bag of drugs, to stop. APO Hall happened to be closest to Appellant when he and the co-defendant ignored orders to stop, such that he ensured that Appellant, who had by that point discarded the contraband on the ground, remained on the scene for Officer Fursin to take into custody. This detention was supported by probable cause to arrest Appellant. ***Id***.

Finally, at the suppression hearing, the Commonwealth established that on the day in question, APO Hall was assisting police pursuant to an agreement between the Board of Probation and Parole and the Reading Police Department. ***See*** N.T. Hearing, 4/18/24, at 28-29, Exhibit C-1. As the Commonwealth aptly notes, in addition to parole agents being designated by law as peace officers pursuant to 61 Pa.C.S. § 6181, they are deemed to be acting within their official duties when, with advance permission, they assist other law enforcement officers. ***See*** 42 Pa.C.S. § 8332.7(a). Thus, Appellant's claim that APO Hall lacked authority to help the police officers

detain Appellant and his co-defendant when they attempted to flee is devoid of merit.

Consequently, Appellant's suppression challenges, if advocated on appeal, would be wholly unavailing. Moreover, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues that counsel failed to address. ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Therefore, we grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application of William C. Bispels, Esquire to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/16/2025