J-S32037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                    :               PENNSYLVANIA
                                    :
             v.                        :
                                    :
                                    :
THOMAS M DOWER, JR.              :
                                    :
           Appellant               :       No. 1598 MDA 2024

Appeal from the Judgment of Sentence Entered October 22, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000129-2024

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                     :               PENNSYLVANIA
                                    :
             v.                        :
                                    :
                                    :
THOMAS M DOWER, JR.              :
                                    :
           Appellant               :       No. 1599 MDA 2024

Appeal from the Judgment of Sentence Entered October 22, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000352-2024

BEFORE:    LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STEVENS, P.J.E.:    **FILED: OCTOBER 16, 2025**

      Thomas M. Dower appeals from the judgments of sentence entered by

the Court of Common Pleas of Schuylkill County after he was convicted on two

separate dockets.    On appeal, defense counsel seeks to withdraw his

representation pursuant to **Anders v. California**, 386 U.S. 738 (1967).    We

---

[*] Former Justice specially assigned to the Superior Court.

remand to allow Appellant to file a *pro se* response to counsel's petition to withdraw and **Anders** brief.

Appellant's convictions arise from two separate criminal informations. Under Docket CP-54-CR-0000129-2024, Appellant was convicted of Driving While Operating Privilege Suspended (75 Pa.C.S.A. § 1543(b) – DUI related). Under Docket CP-54-CR-0000352-2024, Appellant was convicted of another 1543(b) violation as well as Vehicle Registration Suspended and Operating Vehicle Without Required Financial Responsibility.

On October 22, 2024, the trial court held a sentencing hearing for the convictions on both dockets. The trial court imposed two consecutive terms of six to twelve months' imprisonment for Appellant's convictions. On October 30, 2024, Appellant filed a notice of appeal at each docket. On December 12, 2024, this Court consolidated the cases *sua sponte* pursuant to Pa.R.A.P. 513.

As noted above, after this appeal was filed, counsel filed a petition to withdraw along with an **Anders** brief. We must evaluate counsel's request to withdraw before we reach the merits of the appeal to determine whether counsel has complied with the procedures set forth in **Anders** and its progeny. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) *(en banc)*. To do so, we are guided by the following principles:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof ....

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

***Commonwealth v. Falcey***, 310 A.3d 313, 314–15 (Pa.Super. 2024) (quoting ***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted)).

We emphasize that upon the filing of a petition to withdraw by counsel pursuant to ***Anders***, "the defendant may also file a brief, proceeding *pro se,* to the extent that he has issues or other matters for the court to consider and/or a response to make to counsel's brief." ***Commonwealth v. Santiago***, 602 Pa. 159, 179, 978 A.2d 349, 361 (2009).

In this case, counsel submitted both a petition to withdraw and an ***Anders*** brief averring that this appeal is frivolous. Attached to counsel's application is a letter dated June 16, 2025, which properly advised Appellant of his right to retain alternative counsel, proceed *pro se*, or raise supplemental arguments on his own that Appellant deemed worthy of this Court's attention.

After counsel filed his petition to withdraw and ***Anders*** brief, Appellant filed numerous *pro se* motions and filings which included a request to file a supplemental *pro se* brief. Our review of the record shows that this Court mistakenly entered *per curiam* orders indicating that the *pro se* documents

would not be filed but would instead be forwarded to counsel, who had already sought to withdraw his representation.

Given that Appellant promptly filed a request to submit a supplemental brief to raise additional claims for this Court's review and was entitled to do so pursuant to *Santiago*, we grant Appellant 30 days from the filing date of this decision to file a brief in the present appeal. Upon such filing, the Commonwealth will have 30 days to file a responsive brief if it so chooses.

Appellant's *pro se* motion to file a supplemental brief is granted, such that Appellant has 30 days from the filing date of this decision to file his brief. The Commonwealth then will have 30 days to file a responsive brief. Appellant's "Motion to Compel" is denied.[1] Panel jurisdiction retained.

---

[1] Among his *pro se* filings on appeal, Appellant submitted a "Motion to Compel," asking this Court to compel counsel to communicate with him regarding appellate strategy and status. We deny this motion as counsel has sought to withdraw his representation pursuant to *Anders* and has properly notified Appellant of his right to retain new counsel or to file a *pro se* brief to raise any additional issues Appellant believes are worthy of this Court's attention.

- 4 -