J-S43025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                               :            PENNSYLVANIA
                                                 :
                v.                                 :
                                               :
GAVIN ANTHONY WILLIAMS          :
                                               :
                Appellant             :     No. 1284 EDA 2025

Appeal from the Judgment of Sentence Entered August 7, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002229-2023

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:           **FILED MARCH 10, 2026**

Gavin Anthony Williams appeals from the judgment of sentence imposed following his convictions for firearms not to be carried without a license, possession of an instrument of crime, and recklessly endangering another person.[1] Williams's counsel has filed an ***Anders***[2] brief and an application to withdraw as counsel. Because the certified record lacks necessary transcripts, we deny counsel's application to withdraw and remand for further proceedings.

After a jury trial, Williams was found guilty of the above offenses. He was sentenced to 42 to 84 months' incarceration on the firearms not to be carried without a license count, and nine to 18 months each on the remaining

---

[1] 18 Pa.C.S.A. §§ 6106(a)(1), 907(b), and 2705 respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

counts, to be run concurrently. Williams filed a post-sentence motion, which was denied on October 16, 2024. Approximately two months later, Williams filed a Post-Conviction Relief Act petition. On April 14, 2025, the court reinstated Williams's direct appeal rights. This appeal followed.

Counsel's **Anders** brief raises the following issues:

1. Whether there was insufficient evidence at trial that [Williams] was in the possession of a firearm such as to sustain a conviction for Firearm Not to be Carried Without a License, 18 Pa.C.S.A. § 6106(a)(1)?[]

2. Whether there was insufficient evidence at trial that [Williams] was in the possession of a firearm such as to sustain a conviction for Possession of Weapon, 18 Pa.C.S.A. § 907[b?]

3. Whether there was insufficient evidence at trial that [Williams] placed another person in danger of death or serious bodily injury such as to sustain a conviction for Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705?

4. Whether a new trial must be granted because the verdicts were against the weight of the evidence?

5. Whether there are any other meritorious claims, issues, or arguments upon which [Williams] may file an appeal?

**Anders** Br. at 5.

We do not reach the merits of these claims because we determine that counsel failed to satisfy the requirements of **Anders**. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). In the ***Anders*** brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

If counsel does not fulfill the technical requirements of ***Anders***, "this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on [a]ppellant's behalf)." ***Commonwealth v. Falcey***, 310 A.3d 313, 314-15 (Pa.Super. 2024) (citation omitted). Further, it is well-settled "that it is [the a]ppellant's responsibility to supply this Court with a complete record for purposes of review." ***Commonwealth v. Martz***, 926 A.2d 514, 525 (Pa.Super. 2007).

Here, in his ***Anders*** brief, counsel provided a summary of the procedural history and facts of the case with citations to the record. Further, counsel's

brief includes several issues that could arguably support the appeal, and counsel's assessment of why those issues are frivolous, with citations to the record and relevant legal authority. Additionally, counsel served Williams with a copy of the **Anders** brief and advised him of his right to proceed *pro se* or retain a private attorney to raise any additional points he deemed worthy of this Court's attention. Application to Withdraw, 9/19/25, at ¶ 4.

However, the certified record does not include the transcripts from Williams's trial. Although counsel cites to the trial transcripts in his **Anders** brief (so presumably the notes of testimony have been transcribed), counsel failed to ensure that the certified record contained the transcripts necessary for this Court to conduct appellate review. **See** Pa.R.A.P. 1921; **Martz**, 926 A.2d at 525. An attorney cannot satisfy the mandates of **Anders** when he fails to procure transcripts for dispositive proceedings. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa.Super. 2015). "When the record is incomplete, we can neither confirm that counsel complied with the duty to conscientiously examine the record, nor conduct our own review to confirm the frivolity of the appeal." **Commonwealth v. Stroud**, 298 A.3d 1152, 1158 (Pa.Super. 2023).

We therefore deny counsel's application to withdraw and remand with instructions for counsel to obtain the notes of testimony from Williams's trial held on May 23 and 24, 2024, and make certain they are part of the certified record, no later than 30 days after the filing of this Memorandum. Following a review of the complete record, and within 30 days of the filing of this

memorandum, counsel shall file either a petition to withdraw and an ***Anders*** brief, or an advocate's brief.

Application to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/10/2026