**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACHARY JOSEPH MCGINLEY | : | |
| | : | |
| Appellant | : | No. 812 MDA 2025 |

Appeal from the Judgment of Sentence Entered May 16, 2025
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000936-2024

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED: MAY 12, 2026**

Zachary Joseph McGinley appeals from the judgment of sentence of two years of probation imposed after he was convicted in a non-jury trial of indecent exposure, harassment, and open lewdness.  Appellant's counsel, Cory A. Leshner, Esquire, has filed a petition to withdraw as counsel and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We glean the following from the certified record.  On May 16, 2024, Angela Furca-Brennan aided her niece in moving out of the home she had shared with her husband, Appellant.  Specifically, Ms. Furca-Brennan parked her pick-up truck directly in front of the house so it could be easily loaded.  In light of the volatility of the situation between Appellant and her niece, Ms.

Furca-Brennan remained in the driver's seat of her truck with the window down while her brother-in-law assisted her niece. Additionally, Officer Justin Stelma of the Mt. Carmel Borough Police Department was inside the house with Appellant and Ms. Furca-Brennan's niece because he had been dispatched to prevent further escalation between the two during the property retrieval.

When Officer Stelma exited the house to leave, Appellant "came to a big bay window in the house[,]" which was about three feet from the front door. *See* N.T. Non-Jury Trial, 5/16/25, at 19. He raised both middle fingers at Ms. Furca-Brennan, "[a]nd then he pushed his shorts down and he grabbed his genitals and he gyrated himself. And he said, 'Angela, did you ever see a dick this big before?'" *Id*. at 19-20. Ms. Furca-Brennan screamed and called for Officer Stelma, who had been walking towards his police vehicle with his back to the house. The officer had heard Appellant's statement but when he turned around after Ms. Furca-Brennan screamed, Appellant had moved to the front door and was clothed. She notified Officer Stelma that Appellant had "exposed himself . . . and essentially twirled his genitals." *Id*. at 32. When the officer asked Appellant what happened, Appellant "said he pulled his shorts down" but denied exposing himself. *Id*. at 41. Meanwhile, Ms. Furca-Brennan left the scene in hysterics and drove to the end of the block to call her husband.

Based on the foregoing, Appellant was charged with indecent exposure, harassment, and open lewdness. At his subsequent bench trial, Ms. Furca-Brennan and Officer Stelma testified to the above facts. Attorney Leshner

conceded that the Commonwealth had proven harassment but challenged the other counts. The trial court, finding both witnesses credible, concluded that Appellant had exposed himself in a window where anybody could have seen him, and that he did so with the intent to affront Ms. Furca-Brennan. Therefore, the court adjudged him guilty of all three offenses and proceeded immediately to sentencing. Appellant did not file a post-sentence motion.

This timely appeal followed. In lieu of a concise statement pursuant to Pa.R.A.P. 1925(b), Attorney Leshner filed a statement of intent to file an **Anders** brief. In response, the court authored a short Rule 1925(a) statement addressing the sufficiency of the evidence to sustain Appellant's convictions. In the **Anders** brief, Attorney Leshner lists two questions that could potentially support a direct appeal: "1. Whether the verdict of the court is supported by sufficient evidence? 2. Whether the verdict of the court is against the weight of the evidence?" **Anders** brief at 3.

We begin with the well-settled principles governing our review of **Anders** cases:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof[.]
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

. . . .

In the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Falcey**, 310 A.3d 313, 314–15 (Pa.Super. 2024) (cleaned up).

Our initial review in accordance with the foregoing revealed that counsel's letter failed to advise Appellant of his right to proceed *pro se*. Counsel has since remedied that misstep, and our review confirms that counsel has otherwise satisfied his obligations. Appellant has not retained new counsel or filed a *pro se* response. Therefore, we now turn to the sufficiency claim, which we review mindful of the following:

A claim challenging the sufficiency of the evidence is a question of law. Our standard of review is *de novo*, and our scope of review is plenary. In reviewing a sufficiency challenge, we determine whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence,

and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the factfinder.

***Commonwealth v. Wellmon***, 345 A.3d 370, 373 (Pa.Super. 2025) (cleaned up).

We begin our sufficiency assessment with the definitions of the relevant crimes. First, "[a] person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm." 18 Pa.C.S. § 3127. Second, "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: . . . communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]" 18 Pa.C.S. § 2709(a)(4). Finally, "[a] person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed." 18 Pa.C.S. § 5901.

The trial court summarized its credibility findings thusly:

At trial, the court found the Commonwealth's witnesses credible. The victim was in an automobile outside of the home. The victim testified that [Appellant] exposed his genitals to her. He was inside the home but standing in front of a bay window. He pushed his shorts down, grabbed his genitals, gyrated, and said "Angela, did you ever see a dick this big before?" He was seen by the victim and could have been seen by anyone who might have been outside of the home at the time. The victim was alarmed and

affronted by the actions of [Appellant]. The evidence presented by the Commonwealth established, beyond a reasonable doubt, the elements of the charges.

Trial Court Opinion, 10/15/25, at 3 (cleaned up). Furthermore, it found at the conclusion of the trial that Appellant had intended to affront Ms. Furca-Brennan by his conduct. *See* N.T. Non-Jury Trial, 5/16/25, at 48. Plainly, the testimony of the victim alone, if deemed credible, was sufficient to sustain Appellant's convictions. Therefore, counsel correctly identified that any claim challenging the sufficiency of the evidence has no basis in law or fact.

Next, counsel puts forth a weight claim, which we review pursuant to these well-established legal tenets:

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. Thus, to allow an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague, and uncertain that the verdict shocks the conscience of the trial court.

On appeal, our review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim, and we do not consider the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Kling*, 351 A.3d 1274, 1289 (Pa.Super. 2026) (cleaned up).

Critically, to review such a claim on appeal, it must first be raised in the trial court:

> A claim challenging the weight of the evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3). The failure to preserve a weight claim will result in waiver, even if the trial court addresses the claim in its opinion for this Court.

*Commonwealth v. Barkman*, 295 A.3d 721, 736 (Pa.Super. 2023) (some citations omitted). Appellant waived any weight challenge by failing to preserve it orally before sentencing or in a post-sentence motion. Since it would be frivolous to raise a waived claim on appeal, we agree with counsel that this issue cannot support the present appeal.[1] *See Commonwealth v. Cook*, 175 A.3d 345, 350 (Pa.Super. 2017).

Finally, our "simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated[,]" has revealed no additional issues that counsel failed to address. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*). Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[1] We note that counsel found this issue frivolous on the merits. Since it was not preserved in the trial court, however, we reject the weight challenge without addressing the viability of the issue itself.

Petition of Cory A. Leshner, Esquire, to withdraw as counsel granted.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/12/2026